Katherine R. Nichols (16711)
SALT LAKE CITY CORPORATION
P.O. Box 145478
451 South State Street, Room 505A
Salt Lake City, UT  84114-5478
Telephone:  (801) 535-7788
katherine.nichols@slc.gov

*Attorney for Defendants Officer Dalton Beebe,
Officer Rakhim Redmon, Officer Mark Keep,
Officer Marika Ascarte, and Salt Lake City*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| VIRGINIA JUNE, as Special Representative of the Estate and Heirs of Nykon Brandon,<br><br>Plaintiff,<br><br>v.<br><br>DALTON BEEBE, RAKHIM REDMON, OFFICER "U82", MARIKA ASCARTE, and SALT LAKE CITY CORPORATION,<br><br>Defendants. | **ANSWER AND RELIANCE ON JURY DEMAND**<br><br>Case No. 2:24-cv-00581-DAK-DBP<br><br>Judge Dale A. Kimball<br>Magistrate Judge Dustin B. Pead |

Defendants Officer Dalton Beebe, Officer Rakhim Redmon, Officer Mark Keep aka Officer "U82," Officer Marika Ascarte, and Salt Lake City Corporation, through counsel, hereby answer the Complaint of Plaintiff Virginia June, as special representative of the estate and heirs of Nykon Brandon, as follows:

## SUMMARY

Defendants respond that the bodycam videos of the officers, the 911 call recording, and the medical examiner's reports all speak for themselves, and Defendants deny any allegations inconsistent with the documents and recordings. Defendants deny that officers are not trained on reasonable use of force. To the extent these summary paragraphs allege anything further, Defendants deny.

### I. PARTIES

1. Defendants lack knowledge or information sufficient to form a belief about the truth of allegations of this paragraph and therefore deny the same.

2. Defendants admit Officer Dalton Beebe was employed with the Salt Lake City Police Department at the time of the encounter with Mr. Brandon.

3. Defendants admit Officer Rakim Redmon was employed with the Salt Lake City Police Department at the time of the encounter with Mr. Brandon.

4. Defendants admit Officer Mark Keep, aka Officer "U82," was employed with the Salt Lake City Police Department at the time of the encounter with Mr. Brandon.

5. Defendants admit Officer Marika Ascarte was employed with the Salt Lake City Police Department at the time of the encounter with Mr. Brandon.

6. Admitted.

### II. JURISDICTION AND VENUE

7. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

8. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

### III. GENERAL ALLEGATIONS

9. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

10. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

11. Defendants respond that autopsy report speaks for itself, and Defendants deny any allegations inconsistent with the report. To the extent this paragraph alleges anything further, Defendants deny.

12. Denied.

13. Denied.

14. Defendants respond that the 911 call recording speaks for itself, and Defendants deny any allegations inconsistent with the recording. To the extent this paragraph alleges anything further, Defendants deny.

15. Denied.

16. Denied.

17. Denied.

18. Admitted.

19. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

20. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

21. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

22. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

23. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

24. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

25. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

26. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

27. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

28. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

29. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

30. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

31. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

32. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

33. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

34. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

35. Denied.

36. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

37. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

38. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

39. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

40. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

41. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

42. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

43. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

44. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

45. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

46. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

47. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

48. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

49. Defendants lack knowledge or information sufficient to form a belief about the truth of allegations of this paragraph and therefore deny the same.

50. Defendants lack knowledge or information sufficient to form a belief about the truth of allegations of this paragraph and therefore deny the same.

51. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

52. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

53. Defendants respond that autopsy report speaks for itself, and Defendants deny any allegations inconsistent with the report. Defendants further respond that such allegation is likely to be address with expert testimony at the appropriate time. To the extent this paragraph alleges anything further, Defendants deny.

54. Defendants respond that autopsy report speaks for itself, and Defendants deny any allegations inconsistent with the report. Defendants further respond that such allegation is likely to be address with expert testimony at the appropriate time. To the extent this paragraph alleges anything further, Defendants deny.

55. Defendants respond that autopsy report speaks for itself, and Defendants deny any allegations inconsistent with the report. Defendants further respond that such allegation is likely to be address with expert testimony at the appropriate time. To the extent this paragraph alleges anything further, Defendants deny.

56. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

57. Defendants do not understand the allegations of this paragraph and therefore deny.

## IV.    CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
**(Excessive Use of Deadly Force Violation of the Fourth Amendment Pursuant to 42 U.S.C. Section 1983 Against Defendants Beebe, Redmon, Officer "U82", and Ascarte)**

58. Defendants incorporate all other paragraphs of this Answer as if set forth herein.

59. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

60. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

61. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

62. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

63. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

64. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

65. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

66. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

67. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

68. Denied.

69. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

70. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

71. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

72. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos.

73. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

74. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

75. Defendants respond that the 911 call recording speaks for itself, and Defendants deny any allegations inconsistent with the recording. To the extent this paragraph alleges anything further, Defendants deny.

76. Defendants respond that the bodycam videos of the officers speak for themselves, and Defendants deny any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, Defendants deny.

77. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

78. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

79. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

80. Denied.

81. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

82. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

83. Denied.

## SECOND CLAIM FOR RELIEF
*(Monell v. New York City Department of Social Services* **Violation of the 4th Amendment Pursuant to 42 USC § 1983 Against Defendant Salt Lake City Corporation)**

84. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

85. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

86. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

87. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

88. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

89. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

90. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

91. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

92. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

## POLICYMAKER

93. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

94. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

95. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

## UNCONSTITUTIONAL POLICIES AND TRAINING

96. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

97. Defendants respond that Internal Affairs found the officers involved in the OICI encounter with Megan Mohn acted within policy. To the extent this paragraph alleges anything further, it states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

98. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

99. Denied.

100. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

106. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

### V. PUNITIVE DAMAGES

107. Defendants incorporate all other paragraphs of this Answer as if set forth herein.

108. Denied.

109. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

### VI. DAMAGES

110. Defendants incorporate all other paragraphs of this Answer as if set forth herein.

111. Denied.

112. Denied.

113. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

114. Denied.

115. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

116. Denied.

117. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

## VII.   ATTORNEY'S FEES

118.   This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

## VIII.   JURY REQUEST

119.   Pursuant to Federal Rule of Civil Procedure 38, Defendants rely on the jury demand made by Plaintiff, demand a jury on all issues so triable, and assert that Plaintiff's jury demand can be withdrawn only with the consent of Defendants.

## PRAYER

Defendants deny that Plaintiffs are entitled to any award or judgment prayed for.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not violate Plaintiff's constitutional rights.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any, were not proximately caused by any policy, practice, custom, or final decisionmaker of Defendant Salt Lake City Corporation.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any, were not proximately caused by any failure to train.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any, were caused by Mr. Brandon's own actions, fault, negligence, or illegal conduct.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of legal justification.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, based on the failure to mitigate damages.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claimed injuries were caused, in whole or in part, by independent intervening or superseding cause.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for punitive damages is barred by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and federal common law.

Defendants assert that there may be other defenses which are unknown at this time, but which may arise as discovery proceeds in this litigation and, therefore, reserve the right to assert such defenses in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request:

A. That the Court dismiss the Complaint with prejudice and on the merits;

B. That Plaintiff take nothing by her Complaint;

C. That the Court award Defendants their reasonable costs, expenses, and attorneys' fees as permitted by applicable rule or statute; and

D. Any other and further relief as the Court deems just and equitable.

DATED: November 5, 2024.

            SALT LAKE CITY CORPORATION


            /s/ Katherine R. Nichols
            Katherine R. Nichols

            *Attorney for Defendants Officer Dalton Beebe, Officer Rakhim Redmon, Officer Mark Keep, Officer Marika Ascarte, and Salt Lake City*

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of Court, which sent notification of such filing to the following:

James P. Roberts
PALMER & PERLSTEIN
15455 Dallas Pkwy., Ste. 540
Addison, TX  75001
james@palmerperlstein.com

*Attorneys for Plaintiff*

/s/ Carol Prasad